**Opinion issued October 16, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-25-00786-CV**

———————————

**IN RE R. WAYNE JOHNSON, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator R. Wayne Johnson seeks a writ of mandamus to compel the respondent to vacate an order dismissing his underlying suit.[1]

"A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the

---

[1] The underlying case is *R. Wayne Johnson v. U.S. Postal (Employees), U.S. Post Office: Richmond, TX 77469*, cause number 22-CCV-070685, pending in the County Court at Law No. 5 of Fort Bend, County, Texas, the Honorable Teana V. Watson presiding.

order applies under this section without permission of the appropriate local administrative judge described by [Texas Civil Practice and Remedies Code] [s]ection 11.102(a) to file the litigation if the court finds, after notice and hearing . . . that the person is a vexatious litigant." TEX. CIV. PRAC. & REM. CODE § 11.101(a). A vexatious litigant order signed by a district court applies to every court in the State of Texas. *See id.* § 11.101(e).

Relator has been declared a vexatious litigant and is the subject of three pre-filing orders, prohibiting him from filing, pro se, new litigation without seeking the permission of an appropriate local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE § 11.101, 11.102. The most recent pre-filing order was signed by a Travis County district court in *Johnson v. Bell*, No. D-1-GN10-001424 (345th Dist. Ct., Travis County, Tex., Aug. 26, 2010). *See* Office of Court Administration, *List of Vexatious Litigants Subject to a Pre-Filing Order*, https://www.txcourts.gov/judicial-data/vexatious-litgants/ (last visited October 3, 2025); *see also* TEX. CIV. PRAC. & REM. CODE § 11.104(b) (requiring Office of Court Administration to maintain and post list of vexatious litigants on agency's website); *Douglas v. Porter*, No. 14-10-00055-CV, 2011 WL 1601292, at *1 n.2 (Tex. App.—Houston [14th Dist.] Apr. 26, 2011, pet. denied) (mem. op.) ("A court may . . . take judicial notice of a prior finding that [a party] is a vexatious litigant.").

The Clerk of this Court may not file an appeal or original proceeding in a civil matter presented by a vexatious litigant subject to a pre-filing order unless: (1) the litigant first obtains an order from the local administrative judge permitting the filing or (2) the litigant is appealing from a pre-filing order declaring the person a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE § 11.103(a). Here, relator's petition for writ of mandamus is not an appeal from a pre-filing order declaring him a vexatious litigant, and the mandamus record does not contain any order from the local administrative judge permitting the filing of this pro se original proceeding.

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.